IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORDIA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      CASE NO. 8:21-cr-218-CEH-AAS-6

MAVERICK MAHER,
JOSHUA FISHER,
LEVI SHARP,
GEORGE ANDREWS, II,
JAMES MAPOLES,
DAVID HOWELL,
RYANN HOWARD,
RYAN McLAUGHLIN,
DARRIN TERRANOVA,
BRANDON WELCH,
JOSHUA WILLIAMSON,
STEVE ANDERSON,
JOSHUA HALL,
JARRETT ARNOLD,
SCOTT MARSHALL, and
WILLIAM WALKER,

    Defendants.
_____/

## DEFENDANT DAVID HOWELL'S SENTENCING MEMORANDUM

Defendant David Howell, through his undersigned counsel, hereby provides his Sentencing Memorandum in advance of the sentencing hearing scheduled for April 12, 2022, and with specific reference to his final Presentence Report of April 8, 2022. This memorandum addresses both an outstanding objection to a substantive Guidelines calculation, and the

1

grounds that would justify a downward variance from the advisory Guidelines sentence.

## MEMORANDUM OF LAW

*A. Outstanding Objection to the Final Presentence Report*

Mr. Howell made timely objections to the same Specific Offense Characteristic, found in USSG §2A2.2, applied to each of his counts of conviction. The paragraphs affected by this unresolved objection are, in the final Presentence Report, currently ¶¶ 69, 76, and 83. This Specific Offense Characteristic provides, in certain circumstances, with a 2-level upward adjustment to the base offense level for assaults involving "more than minimal planning." The final PSR applies this upward adjustment to two counts of conspiracy to commit assault in aid of racketeering (Counts 4 and 8), and one count of assault in aid of racketeering (Count 12). (The Addendum to the Presentence Report states that Mr. Howell only asserted this objection to Counts 4 and 12, Doc. 491 at 63, but Mr. Howell also made this objection to Count 8. *See* Objection 4, Doc. 491 at 67.)

According to USSG § 2A2.2(b)(1), the aggravated assault guideline, in its entirety, "If the assault involved more than minimal planning, increase by 2 levels." According to the applicable application note, "'***more than minimal planning***' means more planning than is typical for commission of the offense in a simple form." USSG § 2A2.2, comment. (n. 2) (emphasis in original).

2

According to the note, further, "'More than minimal planning' also exists if significant affirmative steps were taken to conceal the offense, other than conduct to which § 3C1.1 (Obstructing or Impeding the Administration of Justice) applies." *Id.* "For example," the note continues, "waiting to commit the offense when no witnesses were present would not alone constitute more than minimal planning. By contrast, luring the victim to a specific location or wearing a ski mask to prevent identification would constitute more than minimal planning." *Id.*

    Although these examples illustrate distinctions among substantive assaults as opposed to distinctions among conspiracies, they are helpful in demonstrating that the nature of the discussions among the coconspirators were not materially different than the heartland of discussions among individuals conspiring to commit an assault. Indeed, the very nature of the inchoate offense of conspiracy is that "planning" a crime is treated just as seriously as the commission of the offense. It would thus be illogical to conclude that a conspiracy to commit assault, because it inherently involves "planning," would be more likely than a substantive assault to qualify for this particular upward adjustment. Here, the discussions among the coconspirators regarding assaults that never occurred,

although criminal acts for which Mr. Howell has accepted responsibility, cannot be characterized as "more" than minimal.

Mr. Howell objected on the same basis to this upward adjustment regarding Count 12. This count of conviction involves a substantive assault, and therefore the specific example in Application Note 2 is more apt. Of course, the offense did not specifically involve luring the victims or wearing a mask, and Mr. Howell acknowledges that these examples are merely illustrative. But, there was no analogous conduct here. Instead, although Mr. Howell certainly planned to be present at the protest, and certainly planned to counter-protest, his assaultive conduct at the parade, for which he fully accepts responsibility, was unplanned and spontaneous.

Although Mr. Howell also objected to an additional Specific Offense Characteristic, USSG § 3A1.1(a), applicable only to Count 12, he withdraws his objection, which should now be treated as resolved.

B. *Motion for Downward Variance*

This Court is well-aware of the provisions of 18 U.S.C. § 3553(a), which adopt a multi-factor approach to imposing a sentence. The factors include "the nature and circumstance of the offense and the history and characteristics of the defendant," "the kinds of sentences available," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18

U.S.C. § 3553(a)(1), (3) & (6), respectively. To be sure, the statute also requires a consideration of "the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(2). Referring to these four enumerated purposes, though, the statute expressly cautions that, "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the[se] purposes ...." *See* 18 U.S.C. § 3553(a) (emphasis added).

The final Presentence Report suggests a number of factors that may warrant a downward variance, including Mr. Howell's traumatic childhood and formative years, his untreated substance abuse, and his untreated mental health challenges. *See* PSR, ¶ 191. The Forensic Psychological Evaluation Report dated April 8, 2022, appended to the final Presentence Report (Doc. 491 at 47-62), thoroughly discusses a childhood and adolescence marked by deprivation, trauma, chaos, homelessness, foster custody, and parental neglect and abandonment. Despite the absence of any parental role models whatsoever, Mr. Howell has nonetheless managed to become an involved, loving, bread-winning father for his step-children and

5

biological daughter. By all accounts, he was a hardworking, loyal, and treasured employee at the time of his arrest.

Mr. Howell's acceptance of responsibility was immediate and sincere. He renounced membership in the Unforgiven the day of his arrest on July 15, 2021, which now subjects him to a constant threat of violent and, as an inmate, ubiquitous retaliation. He provided a reliable, two-hour proffer five days after his arrest. He signed a plea agreement on September 16, 2021, and Mr. Howell and co-defendant McLaughlin were the first defendants, of 16, who pled guilty. (They pled guilty the same day, October 19, 2021. (Doc. 265).)

Given the nature and characteristics of Mr. Howell, and his immediate, full acceptance of responsibility upon arrest, he believes that, while punishment is appropriate and deserved, a substantial variance from the advisory Guideline sentence is warranted.

WHEREFORE, defendant David Howell provides his Sentencing Memorandum.

Respectfully submitted,

FARMER & FITZGERALD, P.A.


*/s/ Matthew Farmer*
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469
1560 W. Cleveland St.
Tampa, FL  33606
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 10th day of April, 2022:

AUSA Samantha Beckman
Samantha.Beckman@usdoj.gov

Daniel Hernandez, Esq.
Dmhernandezlaw51@gmail.com

Jeffrey Brown, Esq.
jeff@lawbdl.com

Brian Shrader, Esq.
bshrader@shraderlawfirm.com

Frank McDermott, Esq.
frank@injuryarrest, com

Richard Terrana, Esq.
rickterrana@yahoo.com

Yuli Kotler, Esq.
yulikotler@gmail.com

Franklyn Louderback, Esq.
LoudHel@aol.com

Ray Lopez, Esq.
rclopezlaw@verizon.net

Christophir Kerr, Esq.
christophirkerr@gmail.com

David Dee, Esq.
daviddeelaw@gmail.com

Ronald Kurpiers, II, Esq.
kurpierslaw@gmail.com

Warren Zimmerman, Esq.
warren@zimmermanlaw.com

Michael Maddux, Esq.
mmaddux@madduxattorneys.com

Serbo Simeoni, Esq.
Simeoni07@gmail.com

Clyde Collins, Jr., Esq.
clydemcollinsjr@aol.com


/s/*Matthew Farmer*
COUNSEL